RECEIVED
JAN 1 9 2022
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MICHAEL C. SMART,

Plaintiff,

vs.

PRIME MORTGAGE & ESCROW, LLC, at et,
RWE. FAMILY TRUST,
RAMSEY M. ESPER,

Defendants,

CIVIL ACTION NO:

**EP22CV0023**

## ORIGINAL COMPLAINT

I, Michael C. Smart, the plaintiff alleges as follows:

## INTRODUCTION

1. This lawsuit involves some of the same Defendants, that are in Michael C. Smart v. Prime Mortgage & Escrow, LLC, Case No.: 2021DCV1347, that is on appeal pending in the State of Texas, Texas Judicial Branch, 8th Court of Appeal, in Michael C. Smart v. Prime Mortgage & Escrow, LLC, Docket No.: 08-21-00138.[1]

---

[1] The plaintiff filed suit in State Court, and before County Court of Law #3, Judge Javier Alvarez (Judge Alvarez), raised state and federal, dropped state and federal claims, except for federal claims, under 42 USC §§ 1981 and 1982. Judge Alvarez found claims had merit and allowed the plaintiff to move forward and seek discovery. Plaintiff initiated discovery, sought races and who was behind monthly mortgage loan payments, and also sought the names of partner, associate and contributors to Prime Mortgage & Escrow, LLC. Judge Alvarez a week later reversed the decision and dismissed the lawsuit without a written decision or valid reason

1

2. This lawsuit involves recent action and separate causes of actions against the plaintiff.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a), and State and Federal under 42 USC §§ 1981 and 1982. The amount in controversy exceeds Seventy-Five Thousand Dollars, ($75,000), exclusive of interest and cost.

2. The venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants is headquartered and conducts business in the State of Texas within the Western District of Texas.

## PARTIES

3. Plaintiff, Michael C. Smart, 5840 Falcon Ave, El Paso, Texas 79924. Telephone: (915) 526 8172, Email: mcsmart3396@yahoo.com

---

for dismissing federal claims. Now, on appeal in the 8th Court of Appeal, *Michael C. Smart v. Prime Mortgage & Escrow, LLC, Docket No.: 08-21-00138.*

4. Defendant, Prime Mortgage & Escrow,, LLC, 550 S Mesa Hills Dr, Suite A-1, El Paso, Texas 79912. Telephone (915) 587 7463, Email: nrubio@elpasoprimeescrow.com

5. Defendant, RWE Family Trust, 7001 Westwind Dr., El Paso, Texas 79912. Telephone: (915) 201 4944, Email: mjzimp@mjzlaw-ep.com

6. Defendant, Ramsey M. Esper, President, Prime Mortgage & Escrow, LLC, 550 S Mesa Hills Dr Suite A-1, El Paso, Texas 79912. Telephone: (915) 587 7463, Email: resper@elpasoprimemortgage.com

## STATEMENT OF FACTS

7. On January 13, 2015, the plaintiff executed a Promissory Note for the principal amount of $76,400.00, from the RWE Family Trust ("Lender"), that is secured by Deed of Trust, from the Borrower to Michael J.Zimprich, Trustee. The monthly payments on loan were made to Prime Mortgage & Escrow, LLC ("Prime Mortgage, LLC").

8. On January 16, 2021, the plaintiff posted on social media, "Prime Mortgage, LLC does not report clients monthly mortgage payment to the 3 credit report bureaus,

11. On March 12, 2021, the plaintiff retrieved a Foreclosure Notices out of home mailbox that may have been left by a person interested in purchasing property before auction that the plaintiff did not know about until the plaintiff walked in the house and checked email. The plaintiff found an email from Natalia Rubio, Prime Mortgage & Escrow Operation Manager dated March 4, 2021, with documents notifying the plaintiff about foreclosure which the plaintiff had never received although they were supposedly served and sent via the U.S. Postal Service, Certified Mail. Anyway, the plaintiff house was being auctioned off on April 4, 2021.

12. On March 16, 2021, the plaintiff notified Defendants and as well as Michael J. Zimprich, PLLC if the foreclosure action was not corrected prior to the plaintiff curing default the plaintiff was going to file a complaint and lawsuit.

13. On March 19, 2021, Defendants acknowledged receiving the plaintiff letter requesting correction of foreclosure actions, and the Defendants informed the plaintiff that an auction on the plaintiff home was still scheduled for April 4, 2021.

14. On March 23, 2021, the plaintiff cured default, $4,094.62, and the Defendants had property removed from foreclosure auction scheduled for April 4, 2021.

15. On April 6, 2021, the plaintiff filed a complaint with the Texas Department of Savings and Mortgage Lending. The Defendants in response not only disclosed a fee for $1,513.83 that was not included in the plaintiff cure of default, and was silent on whether other clients of the Defendant were in default, and were foreclosure procedures initiated against them for being 1 month behind on monthly mortgage loan payment. **(Attachment #1: Defendant Esper letter to the SML, April 27, 2021)**

16. On May 11, 2021, the plaintiff filed suit raising state and federal claim in County Court of Law #3, before Judge Javier Alvarez (Judge Alvarez), *Michael Smart v. Prime Mortgage & Escrow, LLC, at et, Case No.: 2021DCV1347*, now an appeal currently pending in the Texas Judicial Branch, 8th Court of Appeal, *Michael C. Smart v. Prime Mortgage & Escrow, LLC, Docket No.: 08-21-00138*.

17. On December 31, 2021, the plaintiff received from the Defendants, an Annual Escrow Disclosure Statement (Disclosure Statement). The plaintiff replied inquiring how much the plaintiff actually had to pay monthly for monthly mortgage loan payment, because the 5 people who reviewed the document could

not make sense of the numbers, and the plaintiff had already mailed in monthly payment based on 2021 monthly mortgage payment. The Defendants in response informed the plaintiff, there are still pending charges owed, $1,098.70, and informed the plaintiff how much the plaintiff was requested to pay monthly for mortgage payment. [2] **(See Attachment #2: Natalia Rubio, Escrow Operations Manager)**

# FIRST CLAIM FOR RELIEF
## Breach of Contract in the Breach of the Deed of Trust

18. The plaintiff realleges and incorporates by reference ¶¶ 1 through 17 above.

19. The Defendants, and each of the Defendants, by engaging in the conduct described above, directly or indirectly, Breach of Contract in the Breach of the Deed of Trust.

20. Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff

---

[2] The plaintiff give the Defendants notices as it relates to the Third Cause of Action, 42 USC §§ 1981 and 1982, in the Defendants damage contractual relationship between the plaintiff and Defendants; **(1)** cumulative fees $1,513.83 are and were not lawful, and are in violation of the Deed of Trust, under Section D: General Provision, page 5, Item #5., **(2)** the defendant manipulating of the plaintiff account to take funds from the plaintiff without the plaintiff knowledge and which cumulative fees went from $1,513.83, to now $1,098.70 is in violation of the Promissory Note, under Other Security for Payment, Page 2, under paragraph 2.

sustained damages as a result of the breach. See Sport Supply Group, Inc. v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003).

21. **(1)** the plaintiff is black and or African-American, and on January 13, 2015, the plaintiff and RWE Family Trust, Lender, entered a contract involving Promissory Note and Deed of Trust, borrowed from Michael J. Zimprich, Trustee, and the plaintiff makes monthly mortgage on loan payment to Defendants, and thus, the plaintiff contract with the Defendant is currently valid and not in default;

22. **(2)** the plaintiff has performed in accordance to the Deed of Trust, because the plaintiff contract with the Defendant is currently valid and not in default;

23. **(3)** the defendants Breached the Contract in the Deed of Trust, in the Deed of Trust, under Section D: General Provision, Page 5, Item 5, states: "If any portion of the Obligation cannot be lawfully secured by this Deed of Trust, payment will be applied first to discharge that portion". The breach of the Deed of Trust occurred not only when these cumulative fees was not included in the cure of default that the plaintiff cured, and also these cumulative fees are not lawful, and that is why they were not included in the cure of default that the plaintiff cured.

24. (4) the plaintiff has sustained damages for the breach of contract in the breach of the Deed of Trust in that the Defendants has deliberately charged the plaintiff a sum of money that the plaintiff does not owe basically making the plaintiff pay more money over the life of the loan, but also the Defendants manipulated the plaintiff account to take the funds from the plaintiff from $1,513.83, to $1,098.70. The Defendant also caused the plaintiff to sustain damage in breach of the Deed of Trust in charging and deducting funds from account to retrieve fees, when the plaintiff cured the default on March 23, 2021, and the plaintiff has not been in default, which the consequences were nullified.

## SECOND CLAIM FOR RELIEF
**Breach of Contract in the Breach of the Promissory Note**

25. The plaintiff realleges and incorporates by reference ¶¶ 1 through 17 above.

26. The Defendants, and each of the Defendants, by engaging in the conduct described above, directly or indirectly, Breach of Contract in the Breach of the Deed of Trust.

27. Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff

9

sustained damages as a result of the breach. See Sport Supply Group, Inc. v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003).

28. **(1)** the plaintiff is black and or African-American, and on January 13, 2015, the plaintiff and RWE Family Trust, Lender, entered a contract involving Promissory Note and Deed of Trust, borrowed from Michael J. Zimprich, Trustee, and the plaintiff makes monthly mortgage on loan payment to Defendants, and thus, the plaintiff contract with the Defendant is currently valid and not in default;

29. **(2)** the plaintiff has performed in accordance to the Promissory Note, because the plaintiff contract with the Defendant is currently valid and not in default;

30. **(3)** the defendants Breached the Contract in the Promissory Note, in the Promissory Note, under Other Security for Payment, Page 2, under paragraph 2, state, 'If Borrower defaults in the payment of the note or in the performance of any obligation in any instrument securing or collateral to the note, Lender may declare the unpaid principal balance, earned interest, and any other amount owed on the nte immediately due". The breach of the promissory note occurred not only when these cumulative fees was not included in the cure of default that the plaintiff cured, and also these cumulative fees are not lawful and that is why they were not included in the cure of default that the plaintiff cured.

31. (4) the plaintiff has sustained damages for the breach of contract for breach of the Deed of Trust in that the Defendants has deliberately charged the plaintiff a sum of money that the plaintiff does not owe basically making the plaintiff pay more money over the life of the loan, but also in the manipulation of the plaintiff account to take the funds from the plaintiff from $1,513.83, to now $1,098.70. The defendant breach the contract in the promissory note in charging the deducting funds from account to retrieve fees, when the plaintiff cured the default on March 23, 2021, and the plaintiff has not been in default, which the consequences were nullified.

## THIRD CLAIM FOR RELIEF
### Violation of Equal Right, 42 USC §§ 1981 and 1982

32. The plaintiff realleges and incorporates by reference ¶¶ 1 through 17 above.

33. The Defendants, and each of the Defendants, by engaging in the conduct described above, directly or indirectly, violated the plaintiff rights under Equal Right, 42 USC §§ 1981 and 1982.

34. In order to state a discrimination claim under Section 1981, the plaintiff must sufficiently allege the following; (1) he is a racial minority; (2) the defendant

possessed an intent to discriminate on the basis of race; and (3) the discrimination "concerned one or more of the activities enumerated in the statute (i.e. the making and enforcing of a contract".

35. **(1)** the plaintiff is black and or African-American, and on January 13, 2015, the plaintiff and RWE Family Trust, Lender, entered a contract involving Promissory Note and Deed of Trust, borrowed from Michael J. Zimprich, Trustee, and the plaintiff makes monthly mortgage on loan payment to Defendants, and thus, the plaintiff contract with the Defendant is currently valid and not in default;

36. **(2)** the Defendant intentionally discriminated against the Plaintiff solely based on the plaintiff race black, and or African-American, in damaging the Plaintiff contractual relationships with the Defendants, when the Defendant damaged the relationship. The plaintiff has rights under the contract, i.e. Deed of Trust and the Promissory Note, and based on the plaintiff races and but for the plaintiff race black, the Defendants impaired the existing contractual relationship, in violating Deed of Trust, Section D: General Provision, page 5, Item #5., and in the Promissory Note, other Security for Payment, Page 2, under paragraph 2, because the plaintiff is black and not white like the 180 + white people client that the Defendant has that under the same Deed of Trust and Promissory Note as the plaintiff who is black.

37. (3) the Defendants did not attempt to call, notify, and or reach out to the plaintiff in any manner before making charges to account for the purpose of deducting funds from the plaintiff account without the plaintiff's knowledge. The plaintiff did not receive any kind of notices verbally or in writing or anything, but for the 180 + white people client the Defendant did not nor would not in any manner attempted to charge or change account or deducted any funds without calling, notifying or attempting to reach out to the 180 + white people client to let them know about changes and charges to account. The Defendant did not do this to the plaintiff but for the plaintiff race black for the purpose of not complying to contractual right the plaintiff is entitled to promissory notes and deed of trust as the 180 + white people clients where the plaintiff race black the Defendants denied the plaintiff the same rights that it allowed the 180 + white people client to enjoyed in holding and purchasing of personal property.

## RELIEF

**Plaintiff request for the following relief:**

38. The plaintiff seeks compensation, equitable and injunctive relief, monetary damage in the amount of $583,876, as well as exemplary damages against the Defendants, for the Breach of Contracts in Deed of Trust and the Promissory Note, and under 42 USC §§ 1981 and 1982, under State and Federal law.

## JURY DEMAND

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues triable by jury.

_____  
Michael C. Smart  
5840 Falcon Ave  
El Paso, Texas 79924  
Tele: (915) 526 8172  
Email: mcsmart3396@yahoo.com

10 Sep 2020  
DATE

# ATTACHMENT #1



# PRIME ESCROW LLC

**NMLS#1243216**

550 South Mesa Hills Ste. A-1
El Paso, Texas 79912
Office: (915) 587-7463
Fax:     (915) 587-7467

April 27, 2021

Department of Savings & Mortgage Lending                                     Via email

2601 N. Lamar Blvd. Suite 201
Austin, Texas 78705
Attn: Mr. Evan Loehr

RE: File No. 21-0719 Complaint from Michael C. Smart

Dear Mr. Loehr,

Please find below our response to your email of April 23, 2021.

Prime Escrow LLC manages all our clients and customers accounts according to local, state, and federal regulations, truthfully, professionally, and according to legally binding loan documents between lenders and borrowers.

Attached for your reference, please find complete payment history that shows when the payments were received in relation to the due date. On more than one occasion, Mr. Smart would only pay the required amount of payment but never paid demand letter, NOI or other collection fees that added up to the cumulative amount of $1,513.83. Such fees were posted according to the attached fee schedule that was agreed to by Mr. Smart when he obtained the loan.

Mr. Smart became past due on his account and was facing foreclosure on 4/6/2021. To make his account current, the lender asked the loan servicer Prime Escrow LLC to bring the account current by only providing amounts due to lender, escrow impounds and attorney's fees. We decided to wait on collecting loan service fees due to Prime Escrow LLC as a gesture of good will to help him keep his home.

As a proof of our genuine intentions, we have not made a demand for these fees even though they are still owed to Prime Escrow LLC as agreed to by Mr. Smart. Our software will show any fees owed on the account as standard protocol to provide that information to our borrowers.

When a borrower logs in to submit their payment, it will automatically add the monthly payment plus any outstanding fees due.

In light of Mr. Smart's situation and to show good faith, and our willingness to help out during these special times, we are willing to waive these cumulative fees of $1,513.83 in exchange for Mr. Smart's agreement to the following:

1- Withdrawing his false claims.
2- Canceling his plans to file a baseless lawsuit (see attached) against Prime Escrow LLC, Law offices of Michael Zimprich, Endquest and or Beverly Mitrisin.
3- Withdrawing his inaccurate negative google reviews.
4- Providing his commitment to make his future payments as per the loan documents.

We believe that the above plan provides a satisfactory and mutually beneficial conclusion for all parties regarding these pending allegations by the complainant.

In summary, we will continue to service Mr. Smart's loan according to the approved legal documents as we have since the inception of this loan and service our clients and customers professionally with extreme care and integrity.

Respectfully,

Ramsey M. Esper
Prime Escrow LLC


CC:  Mr. Michael C. Smart      via email
     Mr. Michael J. Zimprich   via email
     Ms. Beverly Mitrisin      via email

# ATTACHMENT #2

Good morning Mr. Smart,

This is to confirm we have received your email.

Please revise my email to: nrubio@elpasoprimeescrow.com

Per the Escrow Analysis emailed and mailed. Your Jan. 2022 payment is **$862.53** we have received your MG#1113 in the amount of **$778.00** leaving you with a balance of **$84.53** to satisfy Jan. 2022, please be advised there are still pending charges owed to Prime Escrow of $1,098.70.

Your February- December 2022 payment is in the amount of **$815.36.**

The reason you have an Escrow Shortage/ Deficiency is because when we calculated your 2021 payment it was based on the $878.84 Insurance, when we paid the Renewal you had $1031.83 in escrow - $1044.00 leaves -$12.17 + $35.00 (Escrow Disbursement) = -$47.17.

Your Homeowners Insurance with Farmers increased from $878.84 to $1044.00.

If you have any questions regarding the increase please contact your agent Alma Vaughan (915) 600-7630.

Meaning your monthly escrow has to be revised to $87.00 per month to make sure we have sufficient funds to pay your Insurance Renewal 12/2022 plus the 2 months of reserves which is $174.00 / 12 = $14.50 of shortage.

A friendly reminder all payments are payable to: **Prime Escrow LLC.**

If you have any questions please let me know.

Thank you,

Natalia Rubio

Escrow Operations Manager

NMLS#1243216


PRIME ESCROW LLC

www.elpasoprimeescrow.com

550 South Mesa Hills Ste. A-1
El Paso, Texas 79912
Office: (915) 587-7463 EXT: 104
Fax:    (915) 587-7467
Cell:   (915) 207-3388

Visit our Website: www.elpasoprimeescrow.com

Like us on Facebook: Facebook

Like us on Instagram: Instagram

Follow us on Twitter: Twitter

BEWARE OF CYBER FRAUD. WE DO NOT EDIT OR ALTER OUR WIRING INSTRUCTIONS. IF YOU RECEIVE NEW OR REVISED WIRING INSTRUCTIONS ON ANY TRANSACTION, PLEASE NOTIFY US IMMEDIATELY, USING A PHONE NUMBER YOU KNOW IS VALID, TO CONFIRM.

The contents of this e-mail message and any attachments are confidential and are intended solely for addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or phone and delete this message and its attachments, if any.