IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MICHAEL C. SMART, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-22-CV-23-KC |
| § | |
| EDCO PROPERTIES, INC. et al., § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

On this day, the Court considered the case. On February 24, 2022, the Court referred this case to United States Magistrate Judge Leon Schydlower pursuant to 28 U.S.C. § 636(b) to hear all pre-trial matters. Feb. 24, 2022, Order, ECF No. 18. Plaintiff filed his Second Amended Complaint ("SAC"), ECF No. 49, on February 15, 2023, to which Defendants filed a Motion to Dismiss ("Motion"), ECF No. 53. On February 29, 2024, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 79, on Defendants' Motion, recommending dismissal of all of Plaintiff's claims without leave to amend. *Id.* at 6. Plaintiff filed a Motion for Leave to File Objections, ECF No. 82, to the R&R, and Defendants filed a Response in Opposition ("Response"), ECF No. 85. For the reasons below, the R&R is **ADOPTED IN PART** and **REJECTED IN PART**.

**I.  DISCUSSION**

    **A.  Standard**

        **1.  Report and Recommendation**

When reviewing portions of a report and recommendation the parties did not object to, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review.

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). However, federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

### 2. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, "the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge

that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The Court must hold a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). And "it is appropriate to treat a pro se [complaint] as one seeking the appropriate remedy," however inartfully pleaded. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000); *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996). But pro se litigants are still required to provide sufficient facts in support of their claims; "mere conclusory allegations . . . are insufficient." *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Wood*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

  **B.** **Analysis**

A recitation of the pertinent facts may be found in the R&R. R&R 2. Plaintiff asserts claims for retaliation under 42 U.S.C. § 1981; retaliation under 42 U.S.C. § 12203; and fraud under Texas common law. SAC ¶¶ 30–44.

  **1.** **Section 1981 retaliation**

The Magistrate Judge recommended dismissal of Plaintiff's retaliation claim under § 1981. R&R 4. The Magistrate Judge concluded that the § 1981 retaliation claim failed because, although Plaintiff alleged that he was engaged in a protected activity and that an adverse action followed, Plaintiff failed to allege a causal connection between his protected activity and the adverse action. R&R 3–4. Plaintiff objects to this finding. Objs. ¶ 14, ECF No. 82-1.

"The elements of a § 1981 retaliation claim are (1) that the plaintiff engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017) (citing *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 339, 340 n.8 (5th Cir. 2003)).

Because no party objects to the Magistrate Judge's finding that Plaintiff adequately alleged the first and second elements of his § 1981 retaliation claim, the Court reviews those findings for clear error. *See Wilson*, 864 F.2d at 1221. Concluding that the Magistrate Judge's findings as to the first and second elements of the § 1981 retaliation claim are not clearly erroneous nor contrary to law, the Court adopts those unobjected-to findings.[1] *See Wilson*, 864 F.2d at 1221. But because Plaintiff objects to the Magistrate Judge's finding as to the third element, the Court considers de novo whether Plaintiff has sufficiently pleaded that element. *See* 28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge concluded that Plaintiff failed to satisfy the third element—the "causal connection between his state lawsuit and the misapplication of his mortgage payments"—because Plaintiff merely asserted that "'Defendant Esper and Defendants' applied his monthly mortgage payments to the disputed $1,513.83 disputed mortgage fee, instead of the mortgage principal, 'in retaliation for the plaintiff racial and ADA discrimination complaining to the [state mortgage regulators]' and because of his state lawsuit." R&R at 3–4. Accordingly, the Magistrate Judge recommended dismissal of Plaintiff's § 1981 retaliation claim. R&R at 4.

"A 'causal link' is established when the evidence demonstrates that the [defendant's] adverse [action] was based in part on knowledge of the [plaintiff's] protected activity." *Eberle v.*

---

[1] *See* R&R 3 (citing *Body by Cook*, 869 F.3d at 390).

4

*Gonzalez*, 240 F. App'x 622, 629 (5th Cir. 2007) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001)); *see Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385–86 (5th Cir. 2003); *see also White Glove Staffing, Inc. v. Methodist Hosps. of Dall.*, 947 F.3d 301, 308 (5th Cir. 2020) (assuming that Title VII standards apply "in the § 1981 nonemployment context"); *Body by* Cook, 869 F.3d at 390 (applying standards for Title VII retaliation claims to § 1981 retaliation claim); *Foley*, 355 F.3d at 340 n.8 (explaining that Title VII and § 1981 are "parallel causes of action" requiring "proof of the same elements in order to establish liability").

In his Objections, Plaintiff argues that the Magistrate Judge overlooked his allegation that "Defendant Zimprich in filing in state court specifically told the plaintiff . . . how the Lender, Defendant Esper of the Defendant RWE Family Trust[] was going to take the $1,513.83 if the plaintiff did not drop the lawsuit."  Objs. ¶ 14.  Plaintiff did not drop the lawsuit, and within six months, Esper took the $1,513.83 from Plaintiff's monthly mortgage payment.  *Id.*; SAC ¶¶ 24, 28 (stating that Plaintiff discovered in December 2021 that payments had been misapplied). Indeed, in the SAC, Plaintiff alleges that Zimprich told Plaintiff and the state court that "the lender, Defendant Esper, for RWE Family Trust, was going to take the $1,513.83 from the plaintiff if the plaintiff did not drop the lawsuit," and instruct "Defendant Prime Escrow LLC which Defendant Esper owns, not to put plaintiff['s] monthly loan payments towards the principal and interest on plaintiff loan, but put funds towards the $1,513.83 until it was paid off." SAC ¶ 28 n.2.

Plaintiff alleges that the $1,513.83 Defendants collected from his monthly mortgage payments was money that he did not owe.  He attaches letters from Esper to the SML and screenshots of his account summary to show that he did not owe this balance and that Defendants unlawfully took the money out of his monthly mortgage payments in retaliation for his filing a

5

complaint with the SML and filing a lawsuit against them in state court. SAC ¶ 35. Plaintiff explains that "there is nothing in the mortgage contract document[s] [showing] that . . . plaintiff agreed to pay these funds." SAC ¶ 25; *see also* SAC ¶ 44 ("There is absolutely nothing in the mortgage contract and any document that the plaintiff signed . . . showing that the plaintiff agreed to pay these funds, especially when it was not in the cure of mortgage default.").

Defendants argue that Plaintiff already owed the $1,513.83 before he engaged in protected activity, and they attach various documents to their Motion showing that Plaintiff incurred the challenged fees pursuant to the Account Servicing Fees agreement that he executed in connection with his mortgage. *See* Mot. ¶¶ 2, 5; Attach. 1, Ex. B, at 23, ECF No. 53-1; Attach. 2, at 15, ECF No. 53-2.

Typically, "'in deciding a motion to dismiss for failure to state a claim, if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Fed. R. Civ. P. 12(d)). But "[w]hen a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents." *Spears v. Nanaki, L.L.C.*, No. 22-30460, 2023 WL 2493741, at *1 (5th Cir. Mar. 14, 2023) (first citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); and then citing *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205); *see Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).

Plaintiff refers to the mortgage documents throughout the SAC, and Plaintiff's § 1981 retaliation claim necessarily turns on the contents of those mortgage documents. *See* SAC ¶¶ 25,

6

34–35, 40–41, 44; Mot. ¶¶ 26–27.  Accordingly, the Court considers the mortgage documents in deciding the Motion.  *See Spears*, 2023 WL 2493741, at *1 (citations omitted).

The loan documents attached to Defendants' Motion indicate that Plaintiff incurred the challenged fees pursuant to the Account Servicing Fees agreement he signed in connection with his mortgage loan.  *See* Mot. ¶¶ 2, 5; Attach. 1, Ex. B, at 23; Attach. 2, at 15.  Plaintiff incurred these fees, totaling the $1,513.83 that was deducted from his monthly mortgage payments, between August 31, 2018, and February 28, 2020—long before he engaged in any protected activity.  *See* Mot. ¶ 5; Attach. 1, Ex. B, at 23; Attach. 2, at 15.  Because the challenged fees were assessed against Plaintiff long before he filed his complaint with the SML or filed his lawsuit in state court, Plaintiff has not plausibly alleged that Defendants' collection of these fees "was based in part on knowledge of [Plaintiff's] protected activity."  *See Eberle*, 240 F. App'x at 629 (citing *Medina*, 238 F.3d at 684).

Accordingly, the Court rejects the Magistrate Judge's finding as to the third element of Plaintiff's § 1981 retaliation claim but dismisses the claim for the reasons stated above.

### 2. Americans with Disabilities Act retaliation

The Magistrate Judge recommended dismissal of Plaintiff's retaliation claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, to which Plaintiff does not object.  R&R 4–5.  Because no party objects to the Magistrate Judge's finding that Plaintiff's retaliation claim arising under the ADA should be dismissed, the Court reviews those findings for clear error.  *See Wilson*, 864 F.2d at 1221.  Finding no clear error, the Court adopts that unobjected-to finding.  Defendants' Motion is thus granted as to Plaintiff's ADA retaliation claim, and Plaintiff's ADA retaliation claim is dismissed.

### 3. Fraud

The Magistrate Judge recommended dismissal of Plaintiff's fraud claim arising under Texas common law, to which Plaintiff objects. R&R 5–6; SAC ¶¶ 15–19.

To state a claim for fraud under Texas law, a plaintiff must show:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)).

The Magistrate Judge concluded that Plaintiff failed "to allege that he relied on or was deceived by any alleged misrepresentation," and failed "to allege that a misrepresentation on which he personally relied injured or damaged him," thus precluding his fraud claim. R&R 5–6. Plaintiff objects but does not point to any factual assertions or sources of authority that the Magistrate Judge misinterpreted or omitted. *See* Objs. ¶¶ 15–19.

To the extent that Plaintiff has alleged that any party relied on an alleged misrepresentation by Defendants, that party is the SML. *See* SAC ¶ 44 ("The SML relied upon Defendant Esper['s] false statement."). Plaintiff claims that the SML concluded its investigation after Esper told the SML that Defendants had "not made a demand for the[] fees even though they [we]re still owed to Prime Escrow LLC as agreed to by Mr. Smart." Attach. 2, at 1. As for the injury element, Plaintiff alleges that "Esper had a duty to correct what was represented to the SML"—namely, that "Plaintiff did not know about nor agreed to pay $1,513.83." SAC ¶ 44.

A misrepresentation made to a third party may suffice to state a claim for fraud "if the defendant makes the misrepresentation with the intent or knowledge the plaintiff will learn of it,

with the intent to deceive the plaintiff, if in fact the plaintiff was so deceived to his injury." R&R 5 (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life. Ins. Co.*, 51 S.W.3d 573, 578 (Tex. 2001)). Plaintiff has not alleged that Defendants made the alleged misrepresentation to the SML with the intent or knowledge that Plaintiff would learn of it, that Defendants intended to deceive Plaintiff, or that Plaintiff was deceived and injured. So Plaintiff has not stated a claim for fraud by misrepresentation to a third party, nor has Plaintiff stated a claim for fraud by misrepresentation to Plaintiff himself.

Accordingly, the Court adopts the Magistrate Judge's findings and conclusions as to Plaintiff's fraud claim and dismisses that claim.

### 4. Leave to amend

The Magistrate Judge recommended denying Plaintiff leave to amend, to which Plaintiff objects. R&R 6; Objs. 6.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts may properly deny leave to amend "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citing *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270–71 (5th Cir. 2010)). Amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (collecting cases). That is, "to determine futility, [courts] apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (collecting cases) (internal quotation marks omitted).

The Magistrate Judge recommends against granting leave to amend because Plaintiff's SAC "is the third complaint that the court has analyzed," and the R&R "is the Magistrate Judge's

Third Report and Recommendation." R&R 6.  Concluding that Plaintiff "has been given ample opportunity to plead his best case," the Magistrate Judge "recommend[s] that no further leave to amend be granted." R&R 6.  Plaintiff objects, arguing that he should be granted leave to amend "because justice requests it, especially considering the defendants' actions were a contributing factor in the defective amended complaint because of the plaintiff was in the state of mental health fear of losing home, and being homeless." Objs. 6.

Here, the Court dismisses all of Plaintiff's claims because Plaintiff's claims are contradicted by the loan documents or otherwise lack merit.  Because the crux of each of Plaintiff's claims is that Plaintiff did not owe the $1,513.83 that Defendants collected from him—a contention rendered implausible by the loan documents—it is not plausible that Plaintiff could amend his Complaint to state a claim, and amendment would be futile.[2]  Therefore, the Court adopts the Magistrate Judge's findings and conclusions as to Plaintiff's request for leave to amend and denies leave to amend.

## II.   CONCLUSION

Accordingly, the Court **ADOPTS** the R&R in part and **REJECTS** it in part.  The Court **ORDERS** that Defendants' Motion to Dismiss, ECF No. 53, is **GRANTED**.  All of Plaintiff's claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 83, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Objections, ECF

---

[2] Plaintiff also appears to object to the Magistrate Judge's purported failure to acknowledge Michael J. Zimprich as a Defendant in this matter.  Objs. 4.  Assuming that Plaintiff's fleeting references to Zimprich in the SAC suffice to assert a claim against him, Plaintiff offers no argument as to how his claims against Zimprich would not fail for the same fundamental reason as his claims against the other Defendants.  *See id.*  Therefore, Plaintiff's claims against Zimprich—to the extent they have been pleaded—are also dismissed.

No. 82, is **GRANTED**.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 25th day of March, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

11